# EXHIBIT A

FREDRICK L. RUBENSTEIN, ESQ.
Attorney ID #004651994
LAW OFFICE OF SHAH & RUBENSTEIN, L.L.C.
1941 OAK TREE ROAD - SUITE 204
EDISON, NEW JERSEY 08820
TELEPHONE: (732) 906-1212 FAX: (732) 906-1299
EMAIL: FLR@SRLAW.US
Attorneys for Plaintiff, Kenneth W. Thorne

| | |
|---|---|
| KENNETH W. THORNE, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff, | BERGEN COUNTY |
| -v- | DOCKET NO. |
| BIOREFERENCE LABORATORIES, INC. | CIVIL ACTION |
| Defendants. | **COMPLAINT, JURY DEMAND AND DESIGNATION OF TRIAL COUNSEL** |

Plaintiff, Kenneth W. Thorne, residing at 101 Scales Plaza in the City of Clifton, County of Passaic and State of New Jersey by way of Complaint against the Defendant says:

### THE PARTIES

1. At all times relevant to this action, Plaintiff, Kenneth W. Thorne, was an employee of the Defendant, BioReference Laboratories, Inc.

2. At all times relevant to this action, Defendant, BioReference Laboratories, Inc. is a Corporation licensed to conduct business in the State of New Jersey, with its principal place of business located at 487 Edward H. Ross Drive, Borough of Elmwood Park, County of Bergen and State of New Jersey.

1

## STATEMENT OF FACTS

3. Plaintiff, Kenneth W. Thorne, ("Plaintiff") was employed by the Defendant, BioReference Laboratories, Inc., from March 08, 2021 through February 23, 2024 as a Laboratory Assistant 2.

4. On November 29, 2023, Plaintiff was involved in a motor vehicle accident sustaining serious personal injuries.

5. On or about December 13, 2023, Plaintiff submitted the required forms for an Employee's Own Serious Health Condition under the Family and Medical Leave Act.

6. On or about December 28, 2023, Plaintiff was informed that he was approved for an Employee's Own Serious Health Condition under the Family and Medical Leave Act from December 13, 2023 through February 13, 2024.

7. Plaintiff requested an extension of his leave of absence due to his medical conditions until March 14, 2024.

8. Defendant, BioReference Laboratories, Inc., requested that Plaintiff provide a completed and signed Medical Certification.

9. Plaintiff submitted a Medical Certification on February 27, 2024 because he had to undergo medical testing related to his conditions from his November 29, 2023 motor vehicle accident.

10. The treating physician was unable to complete the Medical Certification until he had the results of the medical testing.

11. Plaintiff was wrongfully terminated from his position as a Laboratory Assistant 2 due to submitting his Medical Certification on February 27, 2024 even though the Defendant knew of Plaintiff's medical conditions and his need for additional time for his leave of absence.

## FIRST COUNT

### FAMILY MEDICAL LEAVE ACT - RETALIATION

12. Plaintiff repeats and re-alleges each and every allegation contained within Paragraphs 1 through 10 of Plaintiff's Complaint as if same were more fully set forth herein at length.

13. Plaintiff was eligible for the Family Medical Leave Act leave.

14. Plaintiff required and requested additional leave from the Defendant due to his own serious health condition.

15. Defendant refused Plaintiff's request for an extension for leave under the Family Medical Leave Act for which he was entitled and terminated his employment in retaliation for his request for an extension of leave and need to care for his own serious health condition.

16. Defendant's termination of Plaintiff's employment constitutes retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2601, *et. seq*

17. Defendant's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper-

3

level management.

18. Defendant's actions of willfully refusing Plaintiff's legally entitled extension of leave to care for his own serious health condition and terminating his employment were egregious justifying the imposition of punitive damages.

19. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer economic loss, emotional distress, psychological injury, humiliation, embarrassment and/or damages to reputation.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff damages, including, but not limited to: equitable, punitive and compensatory damages on all lost benefits, wages and rights, including but not limited to front and back pay, lost earning power, and other benefits regarding Plaintiff's employment, and non-economic damages for emotional distress, psychological injury, humiliation, and embarrassment, together with both prejudgment and post-judgment interest and attorneys' fees and costs of court, with appropriate enhancement, regarding adverse employment actions;

(b) Awarding Plaintiff damages, including, but not limited to: equitable, punitive and compensatory damages on all lost benefits, wages and rights, including but not limited to front and back pay,

lost earning power, and other benefits regarding Plaintiff's employment, and non-economic damages for emotional distress, psychological injury, humiliation, and embarrassment, together with both prejudgment and post-judgment interest and attorneys' fees and costs of court, with appropriate enhancement, as Defendant's have violated Plaintiff's rights to be free from the injuries which he has suffered due to Defendant's actions;

(c) For such other, further, additional relief as this Court deems just and proper.

## SECOND COUNT

### FAMILY MEDICAL LEAVE ACT - INTERFERENCE

20. Plaintiff repeats and re-alleges each and every allegation contained within the First Count of Plaintiff's Complaint as if same were more fully set forth herein at length.

21. Plaintiff was eligible for the Family Medical Leave Act leave.

22. Defendant interfered with Plaintiff's rights by refusing to extend leave to Plaintiff to care for his own serious health condition.

23. Defendant's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper-level management.

24. Defendant's actions of willfully refusing Plaintiff's legally entitled extension of leave to care for his own serious health

condition and terminating his employment were egregious justifying the imposition of punitive damages.

25. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer economic loss, emotional distress, psychological injury, humiliation, embarrassment and/or damages to reputation.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) Awarding Plaintiff damages, including, but not limited to: equitable, punitive and compensatory damages on all lost benefits, wages and rights, including but not limited to front and back pay, lost earning power, and other benefits regarding Plaintiff's employment, and non-economic damages for emotional distress, psychological injury, humiliation, and embarrassment, together with both prejudgment and post-judgment interest and attorneys' fees and costs of court, with appropriate enhancement, regarding adverse employment actions;

(b) Awarding Plaintiff damages, including, but not limited to: equitable, punitive and compensatory damages on all lost benefits, wages and rights, including but not limited to front and back pay, lost earning power, and other benefits regarding Plaintiff's employment, and non-economic damages for emotional distress, psychological injury, humiliation, and embarrassment, together with

6

both prejudgment and post-judgment interest and attorneys' fees and costs of court, with appropriate enhancement, as Defendant's have violated Plaintiff's rights to be free from the injuries which he has suffered due to Defendant's actions;

(c) For such other, further, additional relief as this Court deems just and proper.

## THIRD COUNT

## WRONGFUL TERMINATION

26. Plaintiff repeats and re-alleges each and every allegation contained within the First and Second Counts of Plaintiff's Complaint as if same were more fully set forth herein at length.

27. Defendant's termination of Plaintiff's employment constituted a wrongful discharge from such employment.

28. Defendant's termination of Plaintiff's employment constituted a wrongful discharge because the discharge was contrary to a clear mandate of public policy.

29. Defendant's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper-level management.

30. Defendant's wrongful termination of Plaintiff's employment because the Defendant willfully refused Plaintiff's legally entitled extension of leave to care for his own serious health condition were egregious justifying the imposition of punitive damages.

31. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer economic loss, emotional distress, psychological injury, humiliation, embarrassment and/or damages to reputation.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

   (a)   Compensatory and consequential damages;

   (b)   Lost wages;

   (c)   Punitive Damages;

   (d)   Prejudgment interest;

   (e)   Attorneys' fees and costs; and

   (f)   For such other, further, additional relief as this Court deems just and proper.

### JURY DEMAND

**PLEASE TAKE NOTICE** that Plaintiff hereby demands a trial by jury on all issues raised in this Complaint.

### TRIAL COUNSEL DESIGNATION

Please be advised that Fredrick L. Rubenstein, Esq. is hereby designated as trial counsel for the Plaintiff in the above-entitled action.

### CERTIFICATION

It is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending

arbitration proceeding to the best of our knowledge or belief. Also, to the best of our knowledge or belief, no other action or arbitration proceeding is contemplated. Further, other than the parties named herein, we know of no other parties that should be joined in the above action.

                              **LAW OFFICES OF SHAH & RUBENSTEIN, LLC**
                              Attorneys for Plaintiff,
                              Kenneth W. Thorne

                              By: *Fredrick L. Rubenstein*
Dated: February 04, 2025      Fredrick L. Rubenstein, Esq.

# Civil Case Information Statement

**Case Details: BERGEN | Civil Part Docket# L-000891-25**

**Case Caption:** THORNE KENNETH  VS BIOREFERENCE LABORAT ORIES, IN
**Case Initiation Date:** 02/04/2025
**Attorney Name:** FREDERICK L RUBENSTEIN
**Firm Name:** SHAH & RUBENSTEIN, LLC
**Address:** 1941 OAK TREE RD STE 204 EDISON NJ 08820
**Phone:** 7329061212
**Name of Party:** PLAINTIFF : Thorne, Kenneth, W
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** OTHER Wrongful Termination
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO
**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Kenneth W Thorne?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO  **Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

02/04/2025                                                                                         /s/ FREDERICK L RUBENSTEIN
Dated                                                                                              Signed